**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL CARROLL,

    Petitioner,

                                          Civil No: 07-12679
                                          Honorable Denise Page Hood
                                          Magistrate Judge Donald A. Scheer

v.

SHERRY L. BURT,

    Respondent.

_____

**OPINION & ORDER DENYING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, COMPELLING
PRODUCTION OF RULE 5 MATERIALS, & REQUIRING
RESPONDENT TO FILE A SUPPLEMENTAL BRIEF ADDRESSING
THE EQUITABLE TOLLING ISSUE**

**I.    INTRODUCTION**

This habeas matter is before the Court on Respondent's Motion for Summary Judgment **[Docket No. 6, filed February 4, 2008]** based upon statute of limitations grounds. Petitioner has filed a responsive pleading claiming that the applicability of the doctrine of equitable tolling in this case requires the Court to deny Respondent's motion for dismissal. Petitioner, Michael Carroll, is a state inmate presently confined at Kinross Correctional Facility in Kincheloe, Michigan, where Jeffrey Woods is the warden.[1] He filed a "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. §2254, through counsel. On April 8, 1983, in Genesee County Circuit Court, Petitioner was

---

[1]When Petitioner initially filed his habeas petition, he was housed at the Southern Michigan Correctional Facility in Jackson, Michigan, where Sherry L. Burt was his warden.

1

convicted of first-degree murder,

Mich. Comp. Laws §750.316(1)(a). Petitioner was sentenced to life imprisonment without the possibility of parole on April 21, 1983.

For the reasons stated below, Respondent's summary judgment motion is DENIED.

## II. FACTUAL BACKGROUND

The Court has reviewed the portion of the record that has been filed with the Court.[2] The chronology of the relevant orders and dates of events necessary for a statute of limitation analysis under 28 U.S.C. § 2244(d) is as follows:

(1) 4/8/83 - Petitioner was convicted.

(2) 4/21/83 - Petitioner was sentenced.

(3) 10/29/85 - Petitioner filed a direct appeal with the Michigan Court of Appeals and his conviction was affirmed. *People v. Carroll,* No: 74712 (Mich. Ct. App Oct. 29, 1985).

(4) 6/3/86 - Petitioner filed an application for leave to appeal with the Michigan Supreme Court and relief was denied. *People v. Carroll,* No: 77714 (Mich. Sup. Ct. June 3, 1986).

(5) 2/28/01 - Petitioner filed a motion for relief from judgment.

(6) 11/17/03 - Petitioner's motion for relief from judgment was denied.

(7) 6/24/05 - Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals and relief was denied. *People v. Carroll,* No: 259113 (Mich. Ct. App. June

---

[2]Respondent was ordered to file Rule 5 materials with the Court by February 4, 2008. On that date, Respondent filed the motion for summary judgment pending before the Court. On April 28, 2008, incomplete Rule 5 materials were filed with the Court. Although the trial docket and appellate documents have been filed, the Court has not received any transcripts from the preliminary examination hearing, motion hearings, voir dire, trial testimony, sentencing, or post-judgment proceedings.

24, 2005).

(8) 4/5/06 - Petitioner filed an application for leave to appeal with the Michigan Supreme Court and relief was denied. *People v. Carroll,* 474 Mich. 1102; 711 N.W.2d 379 (2006) (Table).

(9) 6/26/06 - Petitioner filed a motion for reconsideration with the Michigan Supreme Court and relief was denied. *People v. Carroll,* 475 Mich. 890; 715 N.W.2d 868 (2006) (Table).

(10) 6/25/07 - Petitioner filed his petition for writ of habeas corpus with this Court through counsel.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case

3

necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV. ANALYSIS

Respondent has moved for summary judgment on the ground that Petitioner failed to comply with the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[3] for prisoners appealing state convictions pursuant to 28 U.S.C. § 2244(d). Because

---

[3]The AEDPA statute of limitations for habeas petitions by state prisoners provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been

4

Petitioner's conviction became final before the AEDPA effective date of April 24, 1996, the statute of limitations on Petitioner's habeas claim expired on April 24, 1997, one year after the effective date. *Griffin v. Rogers,* 399 F.3d 626, 631-632 (6th Cir. 2005). Petitioner's February 28, 2001 motion for relief from judgment did not toll the limitations period, because he applied for post-conviction relief approximately 3 years and 10 months after the AEDPA limitations period expired. See 28 U.S.C. § 2244(d)(2). The filing of Petitioner's post-conviction motion did not restart the statute of limitations period in this matter. 28 U.S.C.A. § 2244; See *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir.2002). By the time Petitioner had filed his motion for relief from judgment, he was already time-barred from filing a habeas petition with this Court. Therefore, the Court agrees that Petitioner has filed his habeas petition beyond the statute of limitations period; and his habeas claim is time-barred. The only argument that Petitioner can make in an effort to circumvent the limitations period is to assert that his claim should be equitably tolled.

Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560- 61 (6th Cir. 2000). In determining whether to apply the doctrine, the Court considers the

---

discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)

following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim; and (6) actual innocence. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). "These factors are not necessarily comprehensive and they are not all relevant in all cases." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Petitioner claims actual innocence as his basis for the Court's application of the equitable tolling doctrine in this case. Petitioner claims that the prosecutor at trial suppressed exculpatory evidence, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963), which implicated Dennis Green and Anthony Miller as the individuals who shot and killed Freeman Horne. Petitioner argues that the prosecution did not disclose any information about Dennis Green and Anthony Miller, nor their suspected culpability in Mr. Horne's murder. "[A]ctual innocence means factual innocence, not mere legal insufficiency."*Bousley v. United States,* 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). The Court in *Schlup* further stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" Moreover, a prosecutor does not violate *Brady* unless the "nondisclosure was so serious that there is reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999). This standard is met where: (1) the evidence is favorable to the accused either because it is exculpatory

6

or impeaching; (2) that evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice must have ensued. *Id.*

There are documents in the record that contain references to both Dennis Green and Anthony Miller on witness lists and police investigative reports. However, it is not clear when Petitioner came into possession of these documents or when he should have known about their existence. Moreover, without the complete record, the Court is unable to accurately determine whether this purported suppressed evidence about Dennis Green and Anthony Miller is "new and reliable," in accordance with the case law in this circuit. *Souter v. Jones,* 395 F.3d 577, 588-90 (6th Cir. 2005); *Whalen v. Randle,* 37 Appx. 113, 119-20 (6th Cir. 2002).

The Court finds that Petitioner's habeas petition is time-barred. However, since the Court has insufficient information upon which to make a ruling on Petitioner's equitable tolling claim, the Court will DENY Respondent's summary judgment motion without prejudice.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that "Respondent's Motion for Summary Judgment" [**Docket No. 6**] is DENIED WITHOUT PREJUDICE. The Court reserves the right to modify its ruling on Respondent's motion after reviewing the entire record and Respondent's supplemental brief described below.

IT IS FURTHER ORDERED that Respondent produce the relevant state court record including, but not limited to transcripts from the preliminary examination hearing, motion hearings, voir dire, trial testimony, sentencing, and post-judgment proceedings, within **twenty-one (21) days** from the date of this Order or show cause why he is unable to do so.

7

IT IS FURTHER ORDERED that Respondent file a supplemental brief to his summary judgment motion addressing only Petitioner's equitable tolling argument within **twenty-one (21) days** after the Rule 5 materials have been filed.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 4, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2008, by electronic and/or ordinary mail.

s/Lisa Ware for
Case Manager