# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL CARROLL,

    Petitioner,

v.

S.L. BURT,

    Respondent,
_____/

Civil No. 2:07-12679
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS BUT GRANTING A CERTIFICATE OF APPEALABILITY

Michael Carroll, ("petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Michael Skinner, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed pursuant to 28 U.S.C. § 2244 .

## I. Background

Petitioner was convicted of the above offense following a jury trial in the Genesee County Circuit Court on April 8, 1983. Petitioner was sentenced on April 21, 1983 to life in prison without parole.

Direct review of petitioner's conviction ended on June 3, 1986, when the Michigan Supreme Court denied petitioner leave to appeal following the

1

affirmance of his conviction by the Michigan Court of Appeals on his appeal of right. *People v. Carroll*, No. 77714 (Mich. Sup.Ct. June 3, 1986).

On February 28, 2001, petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.* After the trial court denied the motion and the Michigan Court of Appeals denied petitioner leave to appeal, collateral proceedings ended in the state courts on June 26, 2006, when the Michigan Supreme Court denied petitioner's motion for reconsideration after that court had denied petitioner leave to appeal the denial of his post-conviction motion. *People v. Carroll*, 475 Mich. 890, 715 N.W.2d 868 (2006).

On June 25, 2007, petitioner filed filed his petition for writ of habeas corpus with this Court through counsel.

Respondent filed a motion for summary judgment, contending that the petition for writ of habeas corpus should be dismissed because it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner filed a reply to the motion for summary judgment. On August 4, 2008, this Court denied the motion for summary judgment and ordered respondent to file a supplemental brief addressing petitioner's equitable tolling argument. *See Carroll v. Burt,* No. 2008 WL 3010784 (E.D. Mich. August 4, 2008). On September 12, 2008, respondent filed a supplemental answer in opposition to the petition for writ of habeas corpus.

## II. Discussion

The petition for writ of habeas corpus must be dismissed because it has not been filed within the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) and petitioner has failed to establish that he is entitled to equitable tolling of the limitations period.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus is subject to dismissal where it has not been filed within the one year statute of limitations. *See e.g. Williams v. Wilson,* 149 Fed. Appx. 342 (6th Cir. 2005).

Petitioner's direct appeals with the Michigan courts were completed on

June 3, 1986, when the Michigan Supreme Court denied his application for leave to appeal the affirmance of his conviction by the Michigan Court of Appeals. Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). However, because petitioner's conviction became final before the AEDPA effective date of April 24, 1996, the statute of limitations on petitioner's habeas claim expired on April 24, 1997, one year after the effective date. *Griffin v. Rogers*, 399 F. 3d 626, 631-32 (6th Cir. 2005).

Petitioner filed his post-conviction motion with the state courts on February 28, 2001, after the one year limitations period had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). As this Court previously indicated, petitioner's habeas application is untimely. *Carroll v. Burt,* Slip. Op. at * 2.

Petitioner contended in his reply to the motion for summary judgment that the limitations period should be equitably tolled because he is actually innocent of the murder. Petitioner points to a police investigation and police reports that identified Anthony Miller and Dennis Green as possible suspects. Petitioner also

4

points to other witnesses who claim that the victim was killed by Kathy Johnson, a woman with whom he had been having an extramarital affair.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged.

*See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

First, petitioner has presented nothing to this Court to establish that the police reports which implicated other persons in the shooting were ever kept from the defense at trial. Petitioner has attached to his supplemental brief a document from the Genesee County Prosecuting Attorney labeled "Felony Prosecution Report and Witness List." [1] This list includes the names of several persons who provided information to the police which suggested that Green, Miller, or Johnson may have been involved with the murder. At trial, the prosecutor referred to various pages of "the Circuit Court History", which had been made available to the defense, which contained the witnesses' statements to the police. (Tr. p. 406, 430-1). Petitioner has failed to show that this evidence was not available to petitioner at the time of trial.

In affirming petitioner's conviction on direct appeal, the Michigan Court of Appeals noted the overwhelming nature of the evidence against petitioner:

> "In addition to the testimony of Price, who stated that he was with defendant when defendant murdered decedent, other witnesses placed defendant at the situs of the crime and in possession of a gun. The handgun used in the murder was recovered from his defendant's mother-in-law and was accessible to the defendant. Further, defendant's inculpatory statements were introduced through the testimony of Jackyie Jackson."

*People v Caroll*, No. 74712, * 4 (Mich App, October 29, 1985).

A a review of the state trial court record confirms that there was substantial

---

[1] See Petitioner's Exhibit 9.

evidence against petitioner in this case. Officer Martin Brock of the Flint Police testified to finding a spent .25 caliber shell casing near the body of the victim. (Tr. pp. 255-61).

Petitioner's cousin, Charles Price, an accomplice to the crime, testified that he went to the Elks Club with petitioner. The men observed some "guys" in the parking lot and petitioner pulled out a gun and fired it in the air. The men later went inside the Elks Club and left again. Price testified that the men observed the victim outside of the club and petitioner indicated that he was going to take the victim's money. The men approached the victim and Price demanded his money. When the victim said that he did not have any, petitioner shot the man. Price and petitioner fled the murder scene and went to petitioner's house. Later on, Price and petitioner and a woman whom Price identified only as "Brenda" drove back past the Elks Club and petitioner went over to where a crowd was standing by the victim. Petitioner returned to the car and advised Price and "Brenda" that the man was dead. Price testified that petitioner indicated that the men should have taken the victim's wallet. Price testified that petitioner had informed him that he had gotten the murder weapon from "Brenda's" mother. (Tr. pp. 328, 336-39; 340-350).

Brenda Carroll, petitioner's wife, testified that on the night of the murder, she dropped petitioner and Charles Price off at the Elks Club. (Tr. 429). Brenda Carroll identified the murder weapon (Ex. #6) as her mother's gun. (Tr. p. 438).

7

Rose Marie Wynn testified that she was Brenda Carroll's mother. She identified the prosecutor's Exhibit # 6 as her gun. (Tr. p. 450). Wynn testified that petitioner had access to her home, although she did not know whether petitioner knew where the gun was kept. (Tr. p. 451).

Elizabeth Davis testified that she gave the murder weapon to Wynn because Wynn was having trouble with prowlers around her house. Davis eventually got the weapon back from Wynn. Davis gave the weapon to Sergeant Ronald Mossman. She also gave him two bullets.

Jacqueline Jackson was with petitioner and Price at the crime scene. Jackson testified she left the Elks Club with petitioner, Price, and Brenda. She knew that a man was killed at the Elks Club. (Tr. pp. 476-77; 479). Jackson admitted that she possibly told Officer Mossman that petitioner said ". . .damn why did I do that . . .". (Tr. p. 480). The next day, petitioner came to her home and in reference to the event at the Elks Club, asked her whether he was "out of his head." (Tr. p. 481). Petitioner also asked Jackson whether he had said that he had shot somebody the night of the murder. (Tr. pp. 483-484).

Sergeant Ronald Mossman testified to his receipt of Exhibit # 6, the murder weapon, and .25 caliber ammunition. (Tr. pp. 494-500).

John H. Willmer (Tr. p. 503), a ballistics expert, testified that the bullet which had been recovered from the body of the deceased and the fired cartridge found at the crime scene were fired by Exhibit # 6, the gun which

8

belonged to Rose Marie Wynn. (Tr. pp. 511-12).

Petitioner is not entitled to the tolling of the limitations period, because the evidence he presents concerning the possibility of other suspects is merely consistent with innocence, and is not evidence that would demonstrate that no reasonable juror could have voted to convict him of this crime. *See Willis v. Jones,* 329 Fed.Appx. 7, 18 (6th Cir. 2009). In light of the compelling evidence against petitioner, petitioner has failed to show that these statements to the police, which he claims would establish that someone else might have murdered the victim, would establish his actual innocence so as to toll the AEDPA's limitations period, because a finder of fact could still have chosen to credit the testimony of all of the inculpatory evidence against petitioner in this case. *See Chhoeum v. Shannon,* 219 F. Supp. 2d 649, 654-55 (E.D. Pa. 2002)(petitioner failed to show that the testimony of two witnesses, who did not testify, identifying someone else as the shooter, established his actual innocence to toll the AEDPA's limitations period, where even if the testimony had been presented, the jury still may have chosen to credit the testimony of other witnesses who identified petitioner as the shooter); *See also Hernandez v. Trombley,* No. 2007 WL 1041253, * 5 (E.D. Mich. April 4, 2007). In addition, "[E]vidence which shows only that some other individual might have committed the crime, rather than that the defendant did not commit the crime, is insufficient to meet the 'probability of acquittal' standard." *Dell v. Straub*, 194 F. Supp. 2d 629, 657 (E.D. Mich.

9

2002)(*citing Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993).

Although equitable tolling based on a habeas petitioner's actual innocence remains an important, though "extraordinary," remedy, it is one that a court should "refuse to provide in a less-than-extraordinary case" like petitioner's. Petitioner has therefore failed to establish that he is entitled to tolling on this basis. *See McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007). The Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d).

The Court will, however, grant petitioner a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of

the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

Although the Court believes that its decision to dismiss the habeas petition on statute of limitations grounds is correct, the Court will nonetheless grant petitioner a certificate of appealability, because jurists of reason could find debatable this Court's conclusion that petitioner had failed to make a sufficient showing of actual innocence so as to equitably toll the limitations period. *See Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426, 430 (6th Cir. 2007).

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager