UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CARROLL,

    Petitioner,

v.

S.L. BURT,

    Respondent,
_____/

Civil No. 2:07-12679
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT AND THE MOTION TO WAIVE FEES

On June 30, 2010, this Court dismissed petitioner's application for a writ of habeas corpus on the ground that the petition was filed outside of the one year statute of limitations for habeas petitions contained in 28 U.S.C. § 2244(d)(1). The Court granted petitioner a certificate of appealability on the issue of whether petitioner had made a significant showing of actual innocence to excuse the untimely filing of his habeas petition. *See Carroll v. Burt,* No. 2:07-CV-12679; 2010 WL 2649895 (E.D. Mich. June 30, 2010*).* The United States Court of Appeals for the Sixth Circuit subsequently affirmed the Court's dismissal of the habeas petition, finding that petitioner had made an insufficient showing of actual innocence so as to toll the limitations period. *Carroll v. Burt,* 443 Fed. Appx. 991 (6th Cir. 2011). Petitioner has now filed a Rule 60(b) motion for relief from judgment and a motion to waive fees. For the reasons stated below, the motions

1

are DENIED.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.,* at 532. A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.,* at 532, n. 4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532. A Rule 60(b) motion is not

considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*, at 532, n. 4.

Petitioner claims in his motion for relief from judgment that this Court erred in failing to address the merits of his claim involving an alleged violation of Article IV (c) of the Interstate Detainers Act (IAD), because this violation deprived the State of Michigan of subject matter jurisdiction over his criminal case. Petitioner suggests that because the violation of the IAD deprived the State of Michigan of jurisdiction over his case, the one year limitations period contained in 28 U.S.C.§ 2244(d)(1) did not bar consideration of this claim .

Petitioner's motion, which argues that this Court misapplied the federal statute of limitations set out in § 2244(d), constitutes a "true" 60(b) claim that attacks the integrity of the habeas proceedings and would not be considered a successive habeas petition. *See Gonzalez,* 545 U.S. at 533. However, a motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. *See Harris v. U.S.,* 367 F.3d 74, 82 (2nd Cir. 2004).

Petitioner claims that the State of Michigan lost jurisdiction to prosecute him when they violated Article IV of the IAD. The mere fact that there may be a

3

jurisdictional defect in petitioner's conviction would not mean that the limitations period contained in § 2244(d) is inapplicable to his conviction. *See Frazier v. Moore,* 252 Fed. Appx. 1, 4-5 (6th Cir. 2007); *See also Barreto-Barreto v. U.S.*, 551 F. 3d 95, 100 (1st Cir. 2008)(jurisdictional challenge was not exempt from one-year limitations period for filing motion to vacate sentence pursuant to 28 U.S.C.A. § 2255); *U.S. v. Hicks,* No. 2009 WL 1620430, * 1 (E.D. Mich. June 9, 2009)(same); *Banks v. Ludwick*, No. 2008 WL 2397627, * 5 (E.D. Mich. June 11, 2008)("there is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d)").

This Court will deny petitioner's Rule 60(b) motion, because petitioner has failed to show that this Court erred in dismissing his IAD claim as barred by the one year statute of limitations.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a

4

constitutional right. 28 U.S.C. § 2253(c)(2).  A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Hardin,* 481 F. 3d at 926, n. 1.

5

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

Because the Court can discern no good faith basis for an appeal, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny the petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). Thus, the Court will deny petitioner's motion to waive fees.

Accordingly, the Court **DENIES** the Rule 60(b) motion for relief from judgment [Dkt. Entry # 22].

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that the motion to waive fees [Dkt. Entry # 23] is DENIED. Petitioner will be denied leave to appeal *in forma pauperis.*

Dated:  February 5, 2013         S/Denise Page Hood
                                 Denise Page Hood
                                 United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2013, by electronic and/or ordinary mail.

                                 S/LaShawn R. Saulsberry
                                 Case Manager