UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CARROLL,

    Petitioner,                                  Civil No. 2:07-12679
                                                  HONORABLE DENISE PAGE HOOD
v.                                               UNITED STATES DISTRICT JUDGE

S.L. BURT,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Before the Court is petitioner's Rule 60(b) motion for relief from judgment. For the reasons that follow, the motion is DENIED.

### I. Background

On June 30, 2010, this Court dismissed petitioner's application for a writ of habeas corpus on the ground that the petition was filed outside of the one year statute of limitations for habeas petitions contained in 28 U.S.C. § 2244(d)(1). The Court granted petitioner a certificate of appealability on the issue of whether petitioner had made a significant showing of actual innocence to excuse the untimely filing of his habeas petition. *See Carroll v. Burt,* No. 2:07-CV-12679; 2010 WL 2649895 (E.D. Mich. June 30, 2010*).* The United States Court of Appeals for the Sixth Circuit subsequently affirmed the Court's dismissal of the

1

habeas petition, finding that petitioner had made an insufficient showing of actual innocence so as to toll the limitations period. *Carroll v. Burt,* 443 Fed. Appx. 991 (6th Cir. 2011).

Petitioner subsequently filed a Rule 60(b) motion for relief from judgment, in which he argued that this Court erred in failing to address the merits of his claim involving an alleged violation of Article IV (c) of the Interstate Detainers Act (IAD), because this violation deprived the State of Michigan of subject matter jurisdiction over his criminal case.  Petitioner contended that because the violation of the IAD deprived the state of jurisdiction over his case, the one year limitations period contained in 28 U.S.C.§ 2244(d)(1) did not bar consideration of this claim.  This Court denied the Rule 60(b) motion, concluding that the limitations period contained in § 2244(d) applied to petitioner's conviction even if there was a jurisdictional defect. *Carroll v. Burt*, No.  2:07-CV-12679; 2013 WL 440167 (E.D. Mich. February 5, 2013).  The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Id.*  The Court again denied petitioner a certificate of appealability and leave to appeal *in forma pauperis* on March 6, 2013.  The United States Court of Appeals subsequently denied petitioner a certificate of appealability, finding that petitioner's conviction did not suffer any jurisdictional defects, in that a violation of the IAD does not deprive a court of jurisdiction. *Carroll v. Burt*, No. 13-1240 (6th Cir. August 14, 2013).

Petitioner has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), in which he once again argues that the State of Michigan did not have subject matter jurisdiction over his case, because the prosecutor violated Article IV (c) of the Interstate Detainers Act (IAD) by failing to bring him to trial within 120 days of his arrival in the State of Michigan.

## II.  Discussion

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001).  A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief

when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

The Court will deny the Rule 60(b) motion for relief from judgment, because petitioner is merely reiterating arguments that were raised in his earlier motion for relief from judgment and denied by this Court and the Sixth Circuit. *See Erby v. Kula,* 98 Fed. Appx. 405, 407 (6th Cir. 2004).

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of

appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Hardin,* 481 F. 3d at 926, n. 1.

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

Because the Court can discern no good faith basis for an appeal, any appeal would be frivolous. The Court will therefore deny a certificate of

5

appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny the petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

### III.  ORDER

Accordingly, the Court **DENIES** the Rule 60(b) motion for relief from judgment [Dkt. Entry # 32].

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis.*


S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  July 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 3, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager

6