**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL CARROLL,

    Petitioner,          Civil No. 2:07-12679
                                  HONORABLE DENISE PAGE HOOD
v.                               CHIEF UNITED STATES DISTRICT JUDGE

S.L. BURT,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT, DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT, AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Before the Court are petitioner's Rule 60(b) motion for relief from judgment and his related motion for summary judgment. For the reasons that follow, the motions are DENIED.

**I. Background**

Petitioner's application for a writ of habeas corpus was dismissed with prejudice on the ground that the petition was filed outside of the one year statute of limitations for habeas petitions contained in 28 U.S.C. § 2244(d)(1). Petitioner was granted a certificate of appealability on the issue of whether petitioner had made a significant showing of actual

1

innocence to excuse the untimely filing of his habeas petition. *See Carroll v. Burt,* No. 2:07-CV-12679; 2010 WL 2649895 (E.D. Mich. June 30, 2010*).* The United States Court of Appeals for the Sixth Circuit affirmed the Court's dismissal of the habeas petition, finding that petitioner had made an insufficient showing of actual innocence so as to toll the limitations period. *Carroll v. Burt,* 443 F. App'x. 991 (6th Cir. 2011).

Petitioner subsequently filed a Rule 60(b) motion for relief from judgment, arguing that this Court erred in failing to address the merits of his claim involving an alleged violation of Article IV (c) of the Interstate Detainers Act (IAD), because this violation deprived the State of Michigan of subject matter jurisdiction over his criminal case.  Petitioner claimed that because the violation of the IAD deprived the state of jurisdiction over his case, the one year limitations period contained in 28 U.S.C.§ 2244(d)(1) did not bar consideration of this claim.  This Court denied the Rule 60(b) motion, concluding that the limitations period contained in § 2244(d) applied to petitioner's conviction even if there was a jurisdictional defect. *Carroll v. Burt*, No. 2:07-CV-12679; 2013 WL 440167 (E.D. Mich. February 5, 2013).  The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Id.*  The Court again denied petitioner a

certificate of appealability and leave to appeal *in forma pauperis* on March 6, 2013. The United States Court of Appeals subsequently denied petitioner a certificate of appealability, concluding that petitioner's conviction did not suffer any jurisdictional defects, in that a violation of the IAD does not deprive a court of jurisdiction. *Carroll v. Burt*, No. 13-1240 (6th Cir. August 14, 2013).

Petitioner subsequently filed a second motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), arguing again that the State of Michigan lacked subject matter jurisdiction over his case, because the prosecutor violated Article IV (c) of the Interstate Detainers Act (IAD) by failing to bring him to trial within 120 days of his arrival in the State of Michigan. The motion was denied. *Carroll v. Burt*, No. CIV. 2:07-12679, 2014 WL 2993745 (E.D. Mich. July 3, 2014).

Petitioner has once again filed a motion for relief from judgment and a motion for summary judgment, in which he again argues that because the prosecutor violated the provisions of the IAD, this Court erred in summarily dismissing the petition pursuant to 28 U.S.C.§ 2244(d)(1).

## II. Discussion

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be

granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 F. App'x. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

The Court denies the Rule 60(b) motion for relief from judgment,

4

because petitioner is again reiterating arguments that have been raised in his earlier motions for relief from judgment and denied by this Court and the Sixth Circuit. *See Erby v. Kula,* 98 F. App'x. 405, 407 (6th Cir. 2004). The Court also denies petitioner's motion for summary judgment, for similar reasons.

The Court denies petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007).

When a district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she makes both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Hardin,* 481 F. 3d at 926, n. 1.

Petitioner is not entitled to a certificate of appealability from the denial

of his motion for relief from judgment and his related motion for summary judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

Because the Court can discern no good faith basis for an appeal, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny the petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

### III.  ORDER

Accordingly, the Court **DENIES** the motion for summary judgment [Dkt. # 34] and the Rule 60(b) motion for relief from judgment [Dkt. # 35].

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis.*

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated:  October 28, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2016, by electronic and/or ordinary mail.

                S/Shawna C. Burns
                Case Manager Generalist